UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Dale Mahoney,

           Petitioner,

   -vs-

Israel Rivera, Superintendent,
Coxsackie Correctional Facility

           Respondent.

_____

**DECISION AND ORDER**
**No. 05-CV-6361T**

**I. Introduction**

*Pro se* petitioner Dale Mahoney ("Petitioner") has filed a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of his custody pursuant to a judgment entered April 9, 2002, in Supreme Court, Monroe County, State of New York, convicting him, after a jury trial, of Manslaughter in the First Degree (New York Penal Law ("Penal Law") § 125.20(1)). For the reasons stated below, the petition is denied.

**II. Factual Background and Procedural History**

The charges arise out of an altercation that occurred on September 2, 2001 in Rochester, New York between Petitioner and William Annor ("Annor" or "the victim").

Annor, who sold candy from his apartment, allegedly made improper sexual advances toward several young girls in his neighborhood. One of the girls was Petitioner's girlfriend's

1

daughter. Trial Transcript [T.T.] 228-29, 254-55, 284, 394. Two of the girls, the mothers of the two girls, and Petitioner confronted Annor with the allegations at Annor's residence. T.T. 124, 140-43, 166, 176-82, 204-11. Petitioner punched Annor several times in the face, head, or chest. T.T. 144-46, 183-85, 211, 223, 248-49. Annor fell to the ground, and Petitioner repeatedly kicked him about the face. T.T. 147-48, 186-87. Annor subsequently died from his injuries. T.T. 327. While the victim was on the ground, Petitioner went through his pockets looking for money. T.T. 148. In two signed statements to police, Petitioner confessed that prior to going over to the victim's apartment, he and another individual had discussed taking some candy from the victim. T.T. 397. Petitioner also indicated in these statements that he wore gloves to the victim's apartment because he did not want to hurt his hands when he hit the victim, and did not want to leave fingerprints behind when he took the candy. T.T. 394, 397.

After a jury trial, Petitioner was convicted of Manslaughter in the First Degree. He was sentenced as a violent felony offender to fifteen and one-half years imprisonment.

Petitioner appealed his judgment of conviction to the Appellate Division, Fourth Department, and his conviction was unanimously affirmed. People v. Mahoney, 6 A.D.3d 1104 (4th Dep't 2004). Petitioner sought leave to appeal to the New York State

Court of Appeals, which was denied on July 15, 2004. People v. Mahoney, 3 N.Y.3d 660 (N.Y. 2004).

No post-collateral motions were filed.

This habeas corpus petition followed, wherein Petitioner makes two claims: ineffective assistance of trial counsel and the verdict was against the weight of the evidence. The former, which Petitioner failed to properly exhaust in the state courts, is deemed exhausted but procedurally defaulted. 28 U.S.C. § 2254(b)(1)(A); see Grey v. Hoke, 933 F.2d 117, 120-21 (2d Cir. 1991). The latter is exhausted and properly before this Court, but does not present an issue cognizable on habeas review. U.S.C. § 2254(a); see Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir. 1996).

**III. Exhaustion Requirement**

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir.1994), cert. denied, 514 U.S. 1054 (1995). "The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Daye v. Attorney General,

3

696 F.2d 186, 191 (2d Cir. 1982) (*en banc*), cert. denied, 464 U.S. 1048 (1984).

**IV. Petitioner's Claims**

    **1. Ineffective Assistance of Trial Counsel**

Petitioner argues he was deprived of his Sixth Amendment right to effective assistance of trial counsel. In particular, he alleges that: (1) counsel failed to follow-up on pre-trial motions; (2) counsel, without Petitioner's knowledge or consent, stipulated that Petitioner killed the victim; (3) counsel made errors on summation; (4) counsel failed to object to prosecutorial misconduct on summation. Petition [Pet.] ¶12, Ground Two 7-27; Traverse [Trav.] 9-26. Petitioner raised this claim on direct appeal to the Appellate Division, which was rejected on the merits. However, Petitioner failed to raise this claim in his leave application to the New York State Court of Appeals. Respondent argues, and this Court agrees, that Petitioner's failure to do so renders the claim unexhausted. Respondent's Memorandum of Law [R.M.] 8-9.

For exhaustion purposes, 28 U.S.C. § 2254(b)(1)(A) requires a petitioner "[to] give the state courts one full opportunity to resolve constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 842. This includes filing an application for discretionary appellate review with the State's highest court if that right is available by statute. Id. at 845; accord Morgan v. Bennett, 204

4

F.3d 360, 369 (2d Cir. 2000); Galdamez v. Keane, 394 F.3d 68, 72 (2d Cir. 2005).

Here, Petitioner filed an application for discretionary review with the New York Court of Appeals, but requested that the court review one specific issue related to his weight of the evidence claim.[1] Petitioner's failure to request review of his ineffective assistance of counsel claim renders said claim unexhausted for federal habeas review purposes. See Grey v. Hoke, 933 F.2d at 120-21 (finding Petitioner's habeas claims procedurally forfeited where Petitioner did not expressly request state's highest court to review all claims previously argued in his appellate brief); see also Jordan v. LeFevre, 206 F.3d 196 (2d Cir. 2000).

In this case, however, Petitioner's claim should be deemed exhausted, because state appellate review is no longer available to him. Petitioner cannot again seek leave to appeal the claim in the Court of Appeals because he has already made the one request for leave to appeal to which he is entitled. See N.Y. Court Rules § 500.10. Moreover, collateral review of this claim is also barred because Petitioner previously raised this claim on direct appeal, and the Appellate Division rejected it on the merits. See N.Y.

---

[1] In his leave application, Petitioner, through counsel, stated the following: "[t]he question presented by this appeal is whether the Appellate Division's reliance upon a presumption of intent in making its finding of fact improperly shifts the burden of proof. The resolution of this question has broad implications: it determines whether jurors may be instructed that they may rely upon a presumption, as opposed to the inference, that the defendant intended the natural and probable consequences of his actions." Leave Application of June 1, 2004, Page 2.

5

Criminal Procedural Law ("C.P.L.") § 440.10(2)(a). Although the claim is deemed exhausted, Petitioner is procedurally barred from raising it in this proceeding.

A finding of procedural default bars habeas review of the federal claim unless Petitioner can show cause for the default and prejudice attributable thereto, or demonstrate that failure to consider the claim will result in a miscarriage of justice. Murray v. Carrier, 477 U.S. 478, 492 (1986); Wainwright v. Sykes, 433 U.S. 72, 87-91 (1977). Petitioner makes no showing of cause and prejudice or that this Court's failure to review the claim will result in a miscarriage of justice.

Accordingly, this claim must be dismissed.

### 2. Weight of the Evidence

Petitioner contends that his conviction for Manslaughter in the First Degree is against the weight of the evidence. Petitioner supports this contention by arguing that the evidence in the case did not establish that he intended to cause serious physical injury to Annor.[2] Pet. ¶12, Ground One 3-7; Trav. 9-21. Petitioner raised this claim on direct appeal to the Appellate Division, and the claim was rejected on the merits. Respondent asserts that

---

[2] Manslaughter in the first degree requires a person to act with the intent to cause serious physical injury to another person. See Penal Law § 125.20(1) ("[a] person is guilty of manslaughter in the first degree when with intent to cause serious physical injury to another person, he causes the death of such person or of a third person."). Rather, Petitioner contends he merely intended to hurt Annor when he hit him, not cause serious physical injury (or death) to him.

6

although the claim is properly exhausted for habeas purposes, it is a matter of state law and, as such, is not cognizable on habeas review. R.M. 8-9. This Court agrees.

Challenges to the weight of the evidence supporting a conviction, unlike challenges to the sufficiency of the evidence, are not cognizable on federal habeas review. <u>Maldonado</u>, 86 F.3d at 35. A claim that a verdict was against the weight of the evidence derives from C.P.L. § 470.15(5), which permits an appellate court in New York to reserve or modify a conviction where it determines "that a verdict of conviction resulting in a judgment was, in whole or in part, against the weight of the evidence." C.P.L. § 470.15(5). Thus, the "weight of the evidence" argument is a pure state law claim grounded in the criminal procedure statute, whereas a legal sufficiency claim is based on federal due process principles. <u>People v. Bleakley</u>, 69 N.Y.2d 490, 495 (1987). Since a weight of the evidence claim is purely a matter of state law, it is not cognizable on habeas review. <u>See</u> U.S.C. § 2254(a); <u>Estelle v. McGuire</u>, 502 U.S. 62, 69 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

Accordingly, this claim must be dismissed.

**V. Conclusion**

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because petitioner has failed to make "a substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), I decline to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal
Rules of Appellate Procedure.

**IT IS SO ORDERED.**

                                        S/Michael A. Telesca

                                        HONORABLE MICHAEL A. TELESCA
                                        United States District Judge

DATED:    October 28, 2009
            Rochester, New York